

DA 09-0391

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 54N

CITY OF KALISPELL,

        Plaintiff and Appellee,

   v.

FRANKIE SOTOMAYOR,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 08-581 (B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Jennifer Hurley, Legal Intern,
            Helena, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General, Mardell Ployhar, Assistant
            Attorney General, Helena, Montana

Submitted on Briefs:  February 17, 2010

Decided:  March 16, 2010

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Frankie Sotomayor (Sotomayor) was arrested and charged pursuant to a traffic stop with several offenses, including driving under the influence and carrying a concealed weapon, in Kalispell Municipal Court. Sotomayor filed a motion to dismiss the charges because the officers did not have particularized suspicion to justify the stop. The Kalispell Municipal Court denied the motion to dismiss, finding that there was particularized suspicion to justify the traffic stop. Sotomayor pled guilty to driving under the influence and carrying a concealed weapon and appealed the denial of his motion to dismiss to the Eleventh Judicial District Court, Flathead County.

¶3 On April 29, 2009, the District Court affirmed the denial of Sotomayor's motion to dismiss. The District Court determined that the Municipal Court's findings that the officers had particularized suspicion to justify the stop were not clearly erroneous. *See State v. Faber*, 2008 MT 368, 346 Mont. 449, 197 P.3d 941. The District Court found that the Municipal Court correctly determined that the totality of the circumstances constituted objective data from which an experienced officer could make an inference

2

that Sotomayor, as the driver of the vehicle, had been or was about to engage in wrongdoing. Accordingly, there was requisite particularized suspicion to justify the stop.

¶4 Sotomayor now appeals from the District Court's decision. We will review the District Court's decision to determine whether its conclusions of law are correct, and the findings in support thereof are clearly erroneous. *Faber*, ¶ 17. Particularized suspicion necessary to justify a traffic stop is established based on: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrong doing. *Faber*, ¶ 22 (citing *In re License Suspension of Cybulski*, 2008 MT 128, ¶ 20, 343 Mont. 56, 183 P.3d 39). Our review of the record in this case, the District Court's order, and the briefs of both parties, demonstrates that there was sufficient particularized suspicion to justify the stop of Sotomayor, and that the motion to dismiss was properly denied by the Municipal Court.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in affirming the Municipal Court's denial of Sotomayor's motion to dismiss. Sotomayor's conviction is therefore affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS